### HIRSCHFELD et al. v. MONAHAN.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

JUDGMENT (§ 570*)—CONCLUSIVENESS—DISMISSAL.

    A judgment dismissing the complaint because of plaintiffs' failure to make out a prima facie case is not an adjudication on the merits, which will support a plea of res judicata.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1034 1036–1040, 1042–1045, 1165; Dec. Dig. § 570.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Hirschfeld and Morris Beck, copartners doing business as Hirschfeld & Beck, against Terence E. Monahan. From judgment for defendant, plaintiffs appeal. Reversed and remanded.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Harry Weinberger, of New York City, for appellants.

Emanuel I. S. Hart, of New York City, for respondent.

BIJUR, J. It appears that the complaint was dismissed on the ground that the judgment in a previous action between the same parties on the same cause of action was res judicata. The judgment in the previous action reads as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Judgment for the defendant dismissing the complaint, with costs. See memorandum filed. Dated April 11, 1913.      Joseph P. Fallon, Justice."

The memorandum filed with the papers states:

"In my opinion the plaintiffs have not made out a case, and judgment is rendered in favor of defendant, dismissing the complaint, with costs."

This statement was introduced in evidence, and it was admitted that the defendant adduced no testimony on that trial. It is apparent, therefore, that the previous judgment was not on the merits.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.